United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-4201

United States of America,          \*

                                  \*

        Appellee,         \*

                                  \* Appeal from the United States

    v.                     \* District Court for the

                                  \* District of South Dakota.

Darrell A. Link,             \*

                                  \* [UNPUBLISHED]

        Appellant.       \*

_____

Submitted: February 27, 1998
Filed: March 5, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

After a jury trial, Darrell A. Link was convicted of three counts of mail fraud, in violation of 18 U.S.C. § 1341; one count of conversion of mortgaged or pledged property, in violation of 18 U.S.C. § 658; and eleven counts of concealing bankruptcy assets, in violation of 18 U.S.C. § 152(1). The district court[1] sentenced Link to 36 months imprisonment and three years supervised release on each count, to be served concurrently. Link challenges his convictions and sentence, and we affirm.

---

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

For reversal, Link first argues the district court erred in not declaring a mistrial after a government witness testified to Link's prior state conversion conviction, because the court had ruled prior to trial that the government could seek introduction of the conviction only if Link testified and denied being convicted of a felony conviction. Because Link failed to move for a mistrial, we review this argument only for plain error and find none: among other things, the testimony resulted from a question posed by Link, not the government and the court struck the testimony upon Link's request. See United States v. Nelson, 984 F.2d 894, 898 & n.6 (8th Cir.) (standard of review), cert. denied, 508 U.S. 966 (1993); United States v. York, 830 F.2d 885, 892-93 (8th Cir. 1987) (defendant may not invite error during cross-examination and then seek appellate review of error), cert. denied, 484 U.S. 1074 (1988); see also United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (defining plain error).

Next Link argues that the district court erred in allowing him to be tried in his jail clothing. We likewise review this argument only for plain error because Link did not object below. See United States v. Grady, 997 F.2d 418, 424 (8th Cir.), cert. denied, 510 U.S. 958 (1993). Although there was some discussion about a preference for wearing jail clothes, defense counsel said he was willing to get civilian clothes for Link and the court stated that Link could either appear in jail clothes if he wished, or he could wear something else. We conclude no plain error occurred. See Estelle v. Williams, 425 U.S. 501, 503-05 (1976); Grady, 997 F.2d at 424.

Link further argues the district court erred in not calculating the amount of loss used to determine his Guidelines range based on actual loss. We conclude, however, that the district court did not clearly err, as the record shows Link intended to cause a loss in the challenged amount and the actual loss was zero. See United States v. Roggy, 76 F.3d 189, 192 (8th Cir.) (standard of review), cert. denied, 116 S. Ct. 1700 (1996); see also U.S. Sentencing Guidelines Manual § 2F1.1, comment. (n.7) (1997) (if intended loss is greater than actual loss, amount of intended loss is used for purposes of determining offense level).

We now turn to the arguments Link raises in a pro se supplemental brief filed with leave of this court. We reject Link's contention that the federal statutes under which he was convicted do not apply to him, and that the district court lacked authority to enter judgment against him. Finally, assuming without deciding that the argument is even properly before us, we reject Link's challenge to the sufficiency of the evidence.

Accordingly, we affirm. On appeal, Link has filed pro se papers seeking various types of relief from this court; we deny all such relief, because his requests are meritless or moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.